**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                          |   |                                   |
|------------------------------------------|---|-----------------------------------|
| **UNITED STATES OF AMERICA**             | \| |                                   |
| v.                                       | \| | Crim. No.:  05-316 (16) (ESH)    |
| **JOHN JAIRO GIRALDO SANCHEZ, et al.**   | \| |                                   |

### DEFENDANT'S MOTION FOR RELIEF FROM UNREASONABLE INCARCERATION STATUS

COMES NOW DEFENDANT, John Jairo Giraldo (hereinafter referred to as "Mr. Giraldo"), through undersigned counsel, and seeks relief from this Court regarding his unreasonable incarceration status.

A show cause hearing is requested, with representatives from the D.C. Department of Corrections, to establish why the defendant is held under maximum-security status at the D.C. Jail while awaiting trial.

**Concise Argument**

Since making his initial appearance before this Court on October 12, 2007, Mr. Giraldo has been held under maximum-security status at the D.C. Jail.  After repeated inquiries of the D.C. Department of Corrections, Mr. Giraldo has remained classified under a maximum-security status with all potential privileges inaccessible.  The D.C. Department of Corrections has not responded as to why such a classification was imposed or continues to be necessary.  Mr. Giraldo seeks the assistance of this Court to determine why such a classification and inaccessibility to privileges is in effect.

**Background**

Since arriving from the Republic of Colombia on October 5, 2007, Mr. Giraldo has been detained under maximum-security classification at the D.C. Jail.  This classification results in 23 ½ hour isolation in a prison cell, no access to telephone calls, legal visits with leg/wrist iron restraints, no social visits,[1] and no access to the D.C. Jail law library to begin review of government evidence.

At the October 12, 2007 status hearing before this Court, undersigned counsel asked for the Court's intervention regarding Mr. Giraldo's detention status.  The Court asked counsel to contact the D.C. Department of Corrections and attempt to resolve the issue without the Court's intervention.  This effort has failed.  At this time, undersigned counsel feels it necessary to ask for the Court's assistance.

The effort to resolve this matter, or at least receive an explanation from the D.C. Department of Corrections, consisted of the following.  On October 24, 2007 and November 9, 2007 letters were sent to the D.C. Department of Corrections asking for relief.  Additionally, in the past two weeks undersigned counsel has spoken with and left message with Mr. Giraldo's case manager, Mr. Graves, of the maximum-security wing of D.C. Jail, South 1.  To this date no relief has been provided to Mr. Giraldo, and no explanation has been offered as to why such extreme security conditions are necessary.

---

[1] Mr. Giraldo's brother from New York City, New York, recently attempted to visit his brother only to be told that Mr. Giraldo did not have visitation rights.  This was in direct contradiction to information provided to undersigned counsel who inquired of this status only days prior.  Needless to say, the brother was extremely upset, undersigned counsel was extremely embarrassed and upset, and a new level of restriction on Mr. Giraldo was discovered.  By contrast, Mr. Giraldo's sister is housed at CTF, and is a codefendant in the case (Alba Lorena Giraldo Sanchez - DCDC 316-494).  After the brother was turned away from D.C. Jail, he was able to visit his sister at CTF.

**Points & Authority**

The restrictions on Mr. Giraldo are unreasonable and are now impacting on his ability to prepare and present his defense. With the arrival of government discovery, the ability to present evidence to Mr. Giraldo so that he may review and examine it is done through the D.C. Jail law library. Mr. Giraldo does not have that ability.

The Sixth Amendment to the U.S. Constitution guarantees a criminal defendant the assistance of counsel in the preparation of his defense. The Supreme Court has addressed this right and held that a defendant enjoys a constitutionally protected right to meaningful access to the courts, which, in the case of *Bounds v. Smith* included reasonable law library access, paper and pens at government expense. *Bounds v. Smith*, 430 U.S. 817 (1977). The *Bounds* decision made it quite clear that the government must shoulder affirmative obligations in order to assure "meaningful access" to the courts. *Alston v. Debruyn*, 13 F. 3d. 1036, 1041 (7th Cir. 1994). *See also, Bounds*, 430 U.S. 817, 823.

Prisoners raising issues of access to law libraries have historically been required to also show actual damage to support their standing. *Lewis v. Casey,* 518 U.S. 343 (1996). Today, Mr. Giraldo is facing trial with discovery that includes hundreds of telephone call intercepts. Access to the law library will allow Mr. Giraldo to begin the labor-intensive task of reviewing the intercepted telephone calls. The serious nature and complexity of his case demand the ability to research and assist defense counsel. *Cf. Murray v. Giarratano*, 492 U.S. 1 (1989)(Noting the unusually complex nature of death penalty cases).

### Government Position

Counsel for the government has indicated that there has been no action by the government to request a security classification for Mr. Giraldo or a separation order from other detainees.

**WHEREFORE**, Mr. Giraldo respectfully asks the Court to issue a show cause order requiring the D.C. Department of Corrections to appear and provide justification as to why a maximum-security status is necessary for Mr. Giraldo.

Respectfully submitted,

**RETURETA & WASSEM, PLLC**

By: _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar # 430006
601 Pennsylvania Avenue, NW
South Building – Suite 900
Washington, D.C. 20004
(202) 220-3073    Office
(202) 220-3130    Fax

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of this pleading was served upon all parties via the Court's ECF system on this 28th day of November 2007.

_____/s/_____
Manuel J. Retureta, Esq.